UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 07-10333-RWZ

UNITED STATES OF AMERICA

v.

WILLIE SIMS,
a/k/a Money

ORDER ON MOTION TO REVOKE OR AMEND DETENTION ORDER
March 21, 2008

ZOBEL, D.J.

Defendant Willie Sims is charged with selling .5 grams of crack cocaine to an undercover police officer for $40 in violation of 21 U.S.C. §841(a)(1) and aiding and abetting under 18 U.S.C. § 2.  He faces a substantial term of imprisonment if convicted.  After his arrest the government moved for detention, Magistrate Judge Hillman held a hearing and ordered him detained.  Mr. Sims now moves to revoke or amend the order to release him on conditions.  I have conducted a de novo review as required by United States v. Tortora, 922 F.2d 880, 882 (1st Cir. 1990).

The evidence presented to Magistrate Judge Hillman consisted of the testimony of Special Agent Thomas Crowley of the Bureau of Alcohol Tobacco and Firearms and documentation of defendant's not insignificant criminal record.  The agent described the case and the use of the undercover police officer, and defendant's offer, never

fulfilled, to provide more drugs.  At the time of the offense defendant was on pretrial release by the Dorchester District Court where he had been charged with distributing crack cocaine.

I fully agree with Magistrate Judge Hillman's analysis of the governing statute, 18 U.S.C. § 3142, that the government has the burden of proving either 1) that defendant is a danger to the community, which it must show by clear and convincing evidence; or 2) that he poses a risk of flight, which it must show by a preponderance of the evidence.  Because defendant is charged with distribution of crack cocaine and faces a maximum penalty of ten years or more, the statute creates a rebuttable presumption that no condition or combination of conditions can assure the safety of the community or the defendant's appearance in court.  18 U.S.C. § 3142(e).  Defendant has not rebutted this presumption.

My review of the evidence leads me to the same conclusion reached by Magistrate Judge Hillman, that defendant is a danger to the community.  He has a criminal record that goes back 20 years and was interrupted primarily by sentences of confinement.  This record consists of violent crimes and one drug offense.  He was on pretrial release from the latter when the sale in this case allegedly occurred.  This sale was recorded on both video and audio tape, although defendant's face cannot be seen on the video tape.  These facts satisfy the government's burden, and I find by clear and convincing evidence that he does represent a danger to the safety of the community.

Nonetheless, while the investigation that resulted in this prosecution focused on gang activity, it appears that defendant was not a gang member, and this case resulted

from a single sale of half a gram of crack cocaine for a total of $40.  Unquestionably, prosecutors have great discretion.  Nonetheless, one cannot but wonder why this crime would be prosecuted in the federal court.

The evidence as to risk of flight is less persuasive.  Although, as noted, a conviction will likely result in a lengthy sentence, defendant appears to have strong family ties and several of his siblings live in the area.  He had lived with a sister for eight months before his arrest and had been employed for some time.

Defendant argues that there are conditions of release that will meet the statutory requirements.  The difficulty is that any condition of release ultimately calls for defendant's cooperation and obedience.  Here defendant's record is poor indeed.  He has committed multiple crimes.  He has defaulted multiple times.  The charged offense was allegedly committed while he was on pretrial release from the state court with conditions that almost certainly included a prohibition against further criminal conduct.  I am not persuaded that there exist conditions that defendant will fully obey such that the safety of the community may be assured.

The motion is denied.

|  |  |
|---|---|
|    March 21, 2008    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |